J-S02018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARRELL BELL, | |
| Appellant | No. 8 EDA 2014 |

Appeal from the Judgment of Sentence June 16, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009879-2010

BEFORE: MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED MARCH 11, 2015**

Appellant, Darrell Bell, appeals from the judgment of sentence entered on June 16, 2011 in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

The trial court summarized the relevant facts as follows:

On June 8, 2010, Police Officer Jason Shensky was in full uniform on routine patrol on a bicycle on the 3100 block of West Berks Street. While on patrol, Officer Shensky observed [Appellant] holding a pink Cobra .380 semi-automatic handgun in his right hand. A male standing next to [Appellant] said something to [Appellant], and [Appellant] then looked toward Officer Shensky. Upon observing Officer Shensky, [Appellant] threw the handgun into a nearby trashcan and began to walk away from [the officer].

Officer Shensky rode his bicycle toward [Appellant] to stop him for an investigation. As [Officer Shensky] approached [Appellant], [the officer] ordered [Appellant] to put his hands against a wall and grabbed [Appellant's] wrist in an attempt to handcuff him. As soon as Officer Shensky grabbed [Appellant's]

left wrist, [Appellant] spun around and punched Officer Shensky in the face with a closed fist. [Appellant] attempted to flee, but Officer Shensky was able to hold onto [Appellant] by his shirt. [Appellant] continued to resist the arrest by overpowering the officer and pushing the officer's head toward [Appellant's] knee. Eventually Officer Shensky forced [Appellant] to the ground and ordered him to remain there.

[Appellant] refused to follow the order and tried to stand up. When [Appellant] attempted to stand up, Officer Shensky [deployed] his taser, and [Appellant] fell to the ground. When [Appellant] attempted to stand up again, Officer Shensky threatened to use the taser a second time. [Appellant] finally complied with the officer's order to remain on the ground. At this point, a large crowd had gathered to observe [Appellant's] arrest. As Officer Shensky handcuffed [Appellant], he began yelling, "This is how cops get killed," and told Officer Shensky he was going to "get him for that."

Following a non-jury trial, [Appellant] was convicted of aggravated assault, terroristic threats, simple assault, recklessly endangering another person, and resisting arrest.[1] The trial court sentenced [Appellant] to a guideline sentence of 40 to 80 months of incarceration for the aggravated assault conviction and a consecutive 18 to 36 months of incarceration for the terroristic threats conviction. [Appellant] filed a timely appeal[.]

Trial Court Opinion, 6/19/14, at 1-2.

Appellant's brief raises the following questions for our review:

Was the evidence [sufficient] to support the verdict of guilty of terroristic threats?

Appellant's Brief at 7.

---

[1] 18 Pa.C.S.A. §§ 2702, 2706, 2701, 2705, and 5104.

Appellant's sole issue challenges the sufficiency of the evidence offered in support of his conviction for terroristic threats.[2]  Our scope and standard of review over such claims is well established.

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review.  When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner.  Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Levy*, 83 A.3d 457 (Pa. Super. 2013) (citation omitted).

---

[2] The Crimes Code defines the offense of terroristic threats as follows:

**§ 2706. Terroristic threats**

(a) Offense defined.--A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize another;

(2) cause evacuation of a building, place of assembly or facility of public transportation; or

(3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa.C.S.A**.** § 2706(a)(1)-(3).

Appellant advances three arguments in support of his contention that the evidence was insufficient to convict him of terroristic threats. First, he claims that his statements to Officer Shensky did not include a threat to commit a crime of violence. Next, Appellant claims that he lacked the requisite intent to terrorize another. Finally, Appellant asserts that his statements constituted a momentary threat that resulted from anger.

We have carefully considered the submissions of the parties, the certified record, and the opinion of the trial court. Based upon our review, we conclude that Appellant is not entitled to relief for the reasons expressed by the learned trial court in its opinion issued pursuant to Pa.R.A.P. 1925(a). Because the trial court adequately and accurately assessed the claims raised by Appellant in this appeal, we adopt its opinion as our own. Therefore, we direct the parties to include a copy of the trial court's opinion with all future filings concerning our disposition in this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015